## MARTIN v. MARTIN. (No. 2173.)

*Court of Civil Appeals of Texas. El Paso.*
*Nov. 15, 1928.*

Rehearing Denied Dec. 13, 1928.

Morrison & Morrison, of Big Spring, and John B. Howard, of El Paso, for appellant.

Goldstein, Smith & Potash, of El Paso, and Thomas & Whitaker, of Big Spring, for appellee.

PELPHREY, C. J. Morris R. Martin was, before his death, the holder of a policy of insurance in the Metropolitan Life Insurance Company for the sum of $1,000, with appellee, Vera G. Martin, his wife, as beneficiary. A short time before the death of Morris R. Martin, a change was made in the beneficiary of the policy, and appellant, R. L. Martin, father of deceased, was substituted for Vera G. Martin, Upon the death of Morris R. Martin, the policy was paid by the Metropolitan Life Insurance Company to appellant.

Vera G. Martin thereupon brought this suit against appellant to recover the $1,000 paid him on the policy, together with 6 per cent. interest.

Appellee alleged that deceased was induced to execute the application for change of beneficiary by the means of false representations on the part of appellant, and that the said Morris R. Martin was, at the time he executed the change of beneficiary, mentally incapable of understanding such act, and that the instrument changing the beneficiary, was therefore void.

Appellant answered by general demurrer, a general denial, and by special answer alleged that Morris R. Martin procured the change of beneficiary to be made of his own volition; that he was mentally capable at the time to understand the nature of his act; and that he was not induced to make such change through any deceit or fraud on the part of appellant.

The case was tried to a jury, and was submitted on the following special issue:

"Question Number One: At the time the deceased, Morris R. Martin transferred the beneficiary of said policy herein testified to was his mind in such a mental condition that he was unable at the time of said transfer to understand and realize the consequences of his acts? Answer yes or no."

The jury having answered the issue in the affirmative, judgment was rendered in favor of appellee. Thereupon an appeal was brought to this court by R. L. Martin.

#### Opinion.

Two propositions are advanced by appellant as a basis for his contention that the judgment should be reversed and the cause remanded.

As we view these propositions, they raise only the one question of the sufficiency of the evidence to support the verdict and judgment.

We have read with care the statement of facts in this case, and have concluded that there is sufficient evidence upon which the jury could have made the finding here made.

Dr. Allen's testimony shows that a person suffering from an ailment, such as the one with which the deceased was afflicted, would also have an affection of the brain tissue, and the doctor explained why such would be the case.

He further testified that the deceased would at times be slow in answering his questions, and that at times his anwers would be incoherent.

Mrs. Vera G. Martin, as well as her father, testified as to their opinion regarding his mental capacity, and we think that their evidence, taken together with the evidence of Doctor Allen, was sufficient to support the verdict of the jury.

In our opinion, the trial court committed no error in either refusing to instruct a verdict in favor of defendant or in refusing to grant a new trial.

Appellant's assignments are overruled, and the judgment affirmed.